**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**JASON BAEZ,**

***Plaintiff,***

**v.** **Case No.: 4:25cv216-MW/MAF**

**RICHARD COMERFORD, in his official capacity as Secretary of the Florida Department of Corrections,**

***Defendant.***

_______________________________/

**ORDER GRANTING PERMANENT INJUNCTION**

By separate Order, this Court granted Plaintiff's motion for summary judgment and concluded that the application of Florida's Civil Restitution Act to seize Plaintiff's settlement funds paid to him by the State of Florida to settle his section 1983 claims against DOC corrections officers in *Baez v. Inch, et a.,* Case No.: 4:20cv5591-MCR/ZCB (N.D. Fla.) is preempted by section 1983. ECF No. 65. This Court allowed the parties to submit supplemental briefing on the scope of any injunction to follow. The parties have submitted their papers, ECF Nos. 68 and 69, which this Court has considered without hearing.[1]

---

[1] This Court recognizes that Defendant requested a hearing with respect to the scope of any injunction. ECF No. 69 at 11. If this Court had any question or qualm with Defendant's position, this Court would have set this matter for a hearing to hear further from both sides. However,

This Court concludes that Defendant has properly defined the scope of Plaintiff's injunctive relief inasmuch as Plaintiff is entitled to an injunction requiring Defendant to pay the balance of the $40,000 originally seized from his inmate trust account as compensation for settling his claims against the DOC officers. This Court agrees with Defendant that the money should be paid into the Court's registry until any appeal is final and only then dispersed to Plaintiff if this Court is affirmed or returned to Defendant if this Court is reversed. This Court also agrees with Defendant that Plaintiff is entitled to an injunction prohibiting Defendant from enforcing its costs-of-incarceration lien against the $40,000 settlement award. However, this Court does not agree that Plaintiff is ultimately entitled to the return of the full $40,000 settlement amount that was originally deposited into his inmate trust account. Plaintiff's own evidence in support of summary judgment demonstrates that he withdrew or spent thousands of dollars after his $40,000 in state settlement funds were deposited on February 8, 2022, and before the Centurion settlement funds[2] were deposited on November 15, 2022. *See* ECF No. 51-8 at 1–3. Accordingly, Plaintiff is only entitled to an injunction for the return of the end

inasmuch as this Court agrees with Defendant's position, this Court need not set this matter for a hearing.

[2] Any injunction in this case does not involve the Centurion settlement funds.

balance of his $40,000 settlement deposit less the amounts withdrawn between February 8, 2022, and November 15, 2022.[3] *See id*.

To the extent such prospective relief falls under the Prison Litigation Reform Act, this Court is required to make findings as to whether "such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *See Hoffer v. Sec'y, Fla. Dep't of Corrs.*, 973 F.3d 1263, 1278 (11th Cir. 2020) (quoting 18 U.S.C. § 3626(a)(1)(A)). The Eleventh Circuit has noted that the PLRA requires this Court to make "particularized findings, analysis, and explanations . . . as to the application of each criteria to each requirement imposed." *Id*. at 1278 (quoting *Cason v. Seckinger*, 231 F.3d 777, 785 (11th Cir. 2000)).

Starting with the requirement that the Defendant pay the balance remaining from Plaintiff's $40,000 state settlement funds, this Court finds that such relief is narrowly drawn to avoid an unwarranted windfall to Plaintiff for the full settlement amount and which narrowly addresses the State's unconstitutional act of depriving

[3] This places the onus on the parties to do their own accounting to determine the balance of the funds remaining after Plaintiff made several withdrawals after the $40,000.00 settlement funds were deposited in his inmate trust account on February 8, 2022, and before the separate $327,449.27 in settlement funds paid by a third party were deposited in his inmate trust account on November 15, 2022. If the parties are unable to agree on the amount in question that must be deposited in the Court registry, they may seek further relief from this Court. Again, this Court reiterates that the funds at issue only pertain to the remaining balance of the $40,000.00 and *not* the other settlement funds paid by a third party and deposited into Plaintiff's inmate trust account in November 2022.

Plaintiff of his section 1983 settlement funds that the State had agreed to pay. This relief extends no further than necessary because it does not include a return of any other settlement funds paid by third parties not before this Court and it does not include a return of funds that Plaintiff has already spent or withdrawn from the $40,000.00 originally paid into his inmate trust account. And this is the least intrusive means necessary to correct the unconstitutional seizure of Plaintiff's settlement funds, which is preempted by section 1983, insofar as it does not require the State to return additional funds paid by third parties.

As to the requirement that the money be paid into the Court's registry until any appeal is final and only then dispersed to Plaintiff if this Court is affirmed or returned to Defendant if this Court is reversed, this Court finds that such relief is narrowly drawn to insure that the money at issue is not spent before the Eleventh Circuit reaches a final decision on appeal. This relief extends no further than necessary because it allows for the money to be held in the Court registry for both sides before any final decision on appeal issues and is the least intrusive relief inasmuch as it guarantees the State may have the money returned if this Court is reversed on appeal.

And as for the requirement that the Defendant be enjoined from enforcing its costs-of-incarceration lien against the $40,000 settlement award, this Court finds that this requirement is also narrowly drawn insofar as it is concerned only with the

settlement funds the State paid toward settling Plaintiff's section 1983 claims against the DOC officers and for which this Court has concluded the imposition of a cost-of-incarceration lien is preempted by section 1983. For these same reasons, the injunction prohibiting enforcement of the cost-of-incarceration lien against the $40,000.00 settlement payment extends no further than necessary to correct the unconstitutional seizure of such funds notwithstanding the fact that section 1983 preempts that enforcement. Further, such an injunction does not extend to any other funds paid by third parties. And the injunction, along with the return of funds previously seized into the Court registry, is the least intrusive means to correct the State's unconstitutional enforcement of a state law that is preempted by section 1983 in this case.

Finally, to the extent Plaintiff's requested declaratory relief is subject to 18 U.S.C. § 3626(a)(1), this Court further finds that a declaration that the enforcement of the cost-of-incarceration lien against the balance of Plaintiff's $40,000.00 in settlement funds paid by the State is preempted by section 1983 is narrowly drawn to avoid any declaratory relief involving settlement funds paid by third parties or those funds paid to Plaintiff's attorneys as part of the settlement agreement and fee arrangement. This declaratory relief extends no further than necessary to correct the unconstitutional enforcement of the lien against the balance of the state settlement funds at issue in this litigation insofar as it is limited only to the enforcement of the

cost-of-incarceration lien against the balance of the settlement funds paid by the State to settle the claims against the DOC officers. And it is the least intrusive means of identifying and adjudicating Defendant's unconstitutional act of enforcing the cost-of-incarceration lien against the settlement funds at issue because it does not extend beyond Defendant's conduct in enforcing the lien against the $40,000.00 in settlement funds paid to Plaintiff by the State.

Accordingly, for these reasons,

**IT IS ORDERED:**

1. The Clerk shall enter judgment stating:

> This Court hereby **DECLARES** that Defendant's enforcement of a cost-of-incarceration lien pursuant to section 960.293(2)(b), Florida Statutes, to seize the balance of settlement funds paid to Plaintiff by the State of Florida to settle his section 1983 claims against DOC corrections officers in *Baez v. Inch, et a.,* Case No.: 4:20cv5591-MCR/ZCB (N.D. Fla.) is preempted by section 1983. This Court **GRANTS** Plaintiffs' request for a permanent injunction as follows. Defendant shall deposit the balance of the $40,000.00 seized pursuant to the cost-of-incarceration lien, less the amounts that Plaintiff had already withdrawn or spent prior to the seizure of the funds, into the Court registry. The funds shall be held in the Court's registry until any appeal is final and only then dispersed to Plaintiff if this Court is affirmed or returned to Defendant if this Court is reversed. Neither Defendant Comerford nor his successors in office, deputies, officers, employees, agents, nor any person in active participation or concert with Defendant Comerford shall enforce, nor permit enforcement of a cost-of-incarceration lien to seize the balance of settlement funds paid to Plaintiff by the State of Florida to settle his section 1983 claims against DOC corrections officers in *Baez v. Inch, et a.,* Case No.: 4:20cv5591-MCR/ZCB (N.D. Fla.). Defendant Comerford and his successors in office, as well as his deputies, officers, employees, agents, and any other person in active participation and concert with Defendant

Comerford shall take all practicable measures within the scope of their official authority to ensure compliance with the terms of this Order.

2. Defendant shall file a notice of compliance within 14 days after the Defendant effectuates the deposit of the balance of the $40,000.00 seized from Plaintiff's inmate trust account into the Court registry.

3. After the Eleventh Circuit issues a final ruling on the merits of any forthcoming appeal in this case, this Court will direct the Clerk's Office to release the funds in the Court registry to the Department of Corrections, either to return the funds in the event Defendant prevails on appeal or to arrange for the deposit of such funds in Plaintiff's inmate trust account if Plaintiff prevails on appeal.

4. This Order incorporates all prior rulings in this case, including rulings on the motion to dismiss and cross-motions for summary judgment.

5. This Court also retains jurisdiction in this case for purposes of determining entitlement to and amount, if any, of attorneys' fees.

6. The Clerk shall close the file

**SO ORDERED on October 5, 2026.**

**s/Mark E. Walker**
**United States District Judge**